SQUIRES v. FITZHUGH SMITH CO.

(Supreme Court, Appellate Term. March 8, 1912.)

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lewis Squires against the Fitzhugh Smith Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

J. Liebermann, for appellant.
R. S. Harvey, for respondent.

BIJUR, J. Plaintiff introduced evidence by another attorney which supports the judgment, while defendant offered no testimony as to the value of the services. Under these circumstances, we do not feel that we are justified in reversing a judgment, which involves determining the value of the services otherwise than upon the evidence submitted.

Judgment affirmed, with costs.

SEABURY, J., concurs.

GUY, J. (dissenting). Defendant appeals from a judgment for $500, rendered by the court, without a jury, in favor of plaintiff, in an action to recover the value of professional services as an attorney at law. The answer denies the employment of plaintiff by the defendant corporation; but the evidence is sufficient to establish such employment, as well as subsequent ratification thereof. The defendant appellant also claims that the judgment is grossly excessive.

The evidence shows that the services rendered by plaintiff were as follows:

(1) Services rendered in a foreclosure proceeding, wherein plaintiff visited the county clerk's office in Kings county and there examined certain papers which were on file, for which he charged $75. In my opinion, $25 would have been a sufficient charge for this item of service.

(2) For services rendered in a surplus proceeding involving only $280, in which plaintiff appeared for defendant, and, after a number of conferences, consented to payments being made to a number of creditors of Fitzhugh Smith individually; Smith being the president of the defendant corporation. For this service, plaintiff charged $250. One hundred dollars would seem to be very large compensation for this service.

(3) Services rendered in a certain foreclosure proceeding, in which plaintiff, after a number of consultations, drafted the complaint and subsequently consented to an order of substitution. For this he charged $100. In my judgment, $50 would have been ample for this service.

(4) A charge of $75 for additional advice given to the defendant company. On all the evidence, I am of the opinion that $250 would be full compensation for all services rendered by plaintiff to the defendant.

Judgment should be reversed, unless plaintiff files a written stipulation within 10 days that the judgment shall be reduced to $250 and costs; otherwise, the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.